```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

PHUONG THI NUGUYEN, ET AL.              CIVIL ACTION

VERSUS                                  NO: 14-0297

SOUTHERN FIDELITY INSURANCE             SECTION: "A" (5)
COMPANY
```

**ORDER AND REASONS**

Before the Court is a **Motion to Compel Appraisal, Appoint Umpire and Stay Litigation Pending Appraisal (Rec. Doc. 7)** filed by Defendant Southern Fidelity Insurance Company.  Plaintiffs Phuong Thi Nguyen and Thanh Nguyen oppose the motion.  The motion, set for hearing on March 26, 2014, is before the Court on the briefs without oral argument.[1]

This suit arises out of damages sustained by Plaintiffs at their property located in Harvey, Louisiana, due to Hurricane Isaac which occurred on August 28, 2012, and a hailstorm which occurred on February 24, 2013.  Defendant insured Plaintiffs at the time of these losses.  However, the parties dispute over the value of Plaintiffs' losses.

a.) Compel Appraisal

Plaintiffs' policy with Defendant contains an appraisal clause that triggers in the event that the parties "fail to agree as to

---

[1] Defendant has requested oral argument but oral argument would not be helpful to the Court in light of the issues presented.

1

the actual cash value or the amount of the loss."[2] In the instant motion Defendant moves for the Court to order an appraisal pursuant to the terms and conditions of the policy. In Plaintiffs' opposition, they submit evidence that the parties agreed to appraisal after Defendant's filing of this motion.[3] As such, the motion is moot as it pertains to compelling appraisal.

b.) Appoint Umpire

Plaintiffs' policy with Defendant also contains a clause pertaining to the appointment of an umpire. This clause states the following:

> The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then on request of you or us such umpire shall be selected by a judge of a court of record in the state in which the property covered is located.[4]

In the instant motion Defendant moves for the Court to appoint an umpire. In opposition, Plaintiffs argue that Defendant's motion is premature in this respect since, under the policy, the parties' appraisers are given fifteen days during which to agree upon an umpire selection. Plaintiffs contend that the policy allows the Court to select an umpire only after this fifteen day period has elapsed.

Considering the parties' recent agreement to appraisal, the Court believes it more appropriate to leave the task of appointing

---

[2] Rec. Doc. 7-1, at 2.

[3] See Rec. Doc. 8-3.

[4] Rec. Doc. 7-1, at 2-3.

an umpire to the parties, as envisioned by the policy.  If the parties' appraisers cannot agree to an umpire under the terms of the policy, then the parties are free to file a follow-up motion to have the Court appoint an umpire, submitting evidence of the appraisers' failure to reach an agreement.

c.) Stay Litigation

In the instant motion Defendant moves for the Court to stay litigation pending the appraisal process.  The Court finds it would serve the interests of judicial economy to stay the proceedings in this Court until the appraisal process is complete.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Compel Appraisal, Appoint Umpire and Stay Litigation Pending Appraisal (Rec. Doc. 7)** filed by Defendant is **GRANTED IN PART** and **DENIED IN PART**.  The motion is **DENIED** as moot insofar as it seeks to have the Court compel appraisal.  The motion is **DENIED** insofar as it seeks to have the Court appoint an umpire.  The motion is **GRANTED** insofar as it seeks to have the Court stay the proceedings until completion of the appraisal process.  The Clerk shall mark this action **CLOSED** for administrative purposes during the appraisal process.

March 26, 2014

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE